UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| STATE OF MAINE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:25-cv-00131-JAW |
| UNITED STATES DEPARTMENT OF ) | |
| AGRICULTURE, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER TO RESPOND**

On April 7, 2025, the state of Maine (the State) filed in this Court a civil complaint against the United States Department of Agriculture (the USDA) and Brooke Rollins, in her official capacity as United States Secretary of Agriculture (collectively, the Defendants), alleging the Defendants violated the Administrative Procedure Act (APA), codified at 5 U.S.C. §§ 701-706, by freezing federal funds allocated to Maine to feed schoolchildren. *Compl.* (ECF No. 1). On the same day, the State moved the Court to issue an order temporarily restraining the Defendants "from terminating, freezing, or otherwise interfering with Maine's access to federal funds allocated to Maine based on Maine's alleged violation of Title IX without complying with the requisite statutory and regulatory procedures." *State of Me.'s Mot. for Emergency TRO* at 1 (ECF No. 3) (*Mot. for TRO*). The State filed an amended, verified complaint on April 8, 2025. *Am. Compl. (Verified)* (ECF No. 8) (*Verified Compl.*).

On April 8, 2025, the Court set an expedited briefing period with the Defendants' response due by midnight tonight and the State's reply by 11:00 a.m.

tomorrow. *Min. Entry* (ECF No. 7). As it awaits the parties' filings, and before it issues its final order on the State's request for emergency injunctive relief, the Court orders the parties to respond to a jurisdictional question raised by a recent Supreme Court case involving the Tucker Act.

The Tucker Act, codified at 28 U.S.C. § 1491, provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491.

On April 4, 2025, the United States Supreme Court addressed the Tucker Act in a similar dispute to the one before this Court. *See Dep't of Educ. v. Cal.*, No. 24A910, 2025 U.S. LEXIS 1370 (Apr. 4, 2025). In *Department of Education v. California*, the Supreme Court reviewed a TRO from a United States District Court for the District of Massachusetts concluding that the U.S. Department of Education's termination of education-related grants had failed to comply with the APA and ordering the Department of Education not to terminate the grants. *Id.* at *1. In a split decision, the Supreme Court granted the federal government's motion to vacate and stay the District Court's order writing:

> The APA's waiver of sovereign immunity does not apply "if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought." 5 U. S. C. §702. Nor does the waiver apply to claims seeking "money damages." *Ibid.* True, a district court's jurisdiction "is not barred by the possibility" that an order setting aside an agency's action may result in the disbursement of funds. *Bowen v. Massachusetts*, 487 U. S. 879, 910 [](1988). But, as we

> have recognized, the APA's limited waiver of immunity does not extend to orders "to enforce a contractual obligation to pay money" along the lines of what the District Court ordered here. *Great-West Life & Annuity Ins. Co.* v. *Knudson*, 534 U. S. 204, 212 [](2002). Instead, the Tucker Act grants the Court of Federal Claims jurisdiction over suits based on "any express or implied contract with the United States." 28 U. S. C. §1491(a)(1).

*Id.* at *2. Justices Kagan, Jackson, and Sotomayor wrote dissents. *Id.* at *3-25. In Justice Kagan's dissent, she contends that *Bowen v. Massachusetts*, 487 U.S. 879, 910 (1988) provides the district court, not the court of claims, with jurisdiction over this type of dispute. *Id.* at *3-4.

The Court accordingly ORDERS the parties to respond in their respective response and reply to the pending motion for TRO to the following issues:

1. Whether this Court has jurisdiction over the present dispute.

2. Whether the Tucker Act provides exclusive jurisdiction to the Court of Federal Claims over this dispute, and, specifically, whether the Tucker Act provides exclusive jurisdiction to the Claims Court over this dispute pursuant to its language regarding "any regulation of an executive department" and "upon any express or implied contract." *See* 28 U.S.C. § 1491.

3. Whether the Supreme Court's recent holding in *Department of Education v. California*, No. 24A910, 2025 U.S. LEXIS 1370 (Apr. 4, 2025) is distinguishable from this case and, if so, why and to what jurisdictional result.

SO ORDERED.

        /s/ John A. Woodcock, Jr.
        JOHN A. WOODCOCK, JR.
        UNITED STATES DISTRICT JUDGE

Dated this 9th day of April, 2025