UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| STATE OF MAINE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:25-cv-00131-JAW |
| | ) | |
| UNITED STATES DEPARTMENT OF AGRICULTURE, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON JOINT MOTION TO EXTEND TEMPORARY RESTRAINING ORDER**

Following the state of Maine's civil complaint and request for a temporary restraining order (TRO) against the United States Department of Agriculture (USDA) and Brooke Rollins, in her official capacity as United States Secretary of Agriculture (jointly, the Federal Defendants), on April 11, 2025, the Court granted the Plaintiff's motion and issued a TRO requiring the Federal Defendants to immediately unfreeze and release to the state of Maine any federal funding that they have frozen or failed or refused to pay because of the State's alleged failure to comply with the requirements of Title IX; barring the Federal Defendants from freezing, terminating or otherwise interfering with the State's future federal funding for alleged violations of Title IX without complying with the legally required procedure; and ordering the state of Maine to provide security pursuant to Federal Rule of Civil Procedure 65(c) within seven days. *Order on Mot. for TRO* at 1-70 (ECF No. 12). The Court instructed that the TRO "shall be in effect until further order of the Court" and that "[a] preliminary hearing, at which time the state of Maine will be required to

produce specific evidence in support of a preliminary injunction, will be set shortly at a date and time convenient to the parties and the Court." *Id.* at 70.

The Clerk's Office scheduled a telephone conference of counsel for April 15, 2025. *Notice of Hr'g* (ECF No. 13). On April 15, 2025, ahead of the conference, the parties filed a joint motion to extend the TRO beyond its initial fourteen-day duration pursuant to Federal Rule of Civil Procedure 65(b)(2), informing the Court "[t]he parties have met and conferred, and as a result of such discussions, jointly submit that extension of the [TRO] for a 'like period' until May 9, 2025, will assist the parties' further discussions, conserve resources, and promote the interests of judicial economy." *Joint Mot. to Extend TRO Pursuant to Fed. R. Civ. P. 65(b)(2)* at 1 (ECF No. 14) (*Joint Mot. to Extend TRO*) (quoting FED. R. CIV. P. 65(b)(2)). The parties report "Defendants expressly consent to such extension, and affirm that the subject USDA funding will remain unfrozen and released during the extended period of the pendency of the [TRO]." *Id.* at 1-2. They further request the Court hold the scheduling of the preliminary injunction hearing in abeyance pending the requested extension. *Id.*

Federal Rule of Civil Procedure 65(b)(2), addressing the expiration of a temporary restraining order, says: "[t]he order expires at the time after entry—not to exceed 14 days—that the court sets, unless before that time the court, for good cause,

extends it for a like period or the adverse party consents to a longer extension. The reasons for an extension must be entered in the record." FED. R. CIV. P. 65(b)(2).

Here, the parties jointly move to extend the TRO entered in the instant case on April 11, 2025, *Order on Mot. for TRO*, and currently set to expire after fourteen days on April 25, 2025, for an additional fourteen days until May 9, 2025. *Joint Mot. to Extend TRO* at 1-2. First, the Court concludes the requested extension until May 9, 2025, a date fourteen days after the TRO is currently set to expire and twenty-eight days after the Court initially entered the TRO, is a request to extend the order "for a like period," as Rule 65(b)(2) expressly permits. FED. R. CIV. P. 65(b)(2); *accord Almeida-León v. WM Cap. Mgmt.*, Nos. 20-2089, 21-1806, 21-1807, 2024 U.S. App. LEXIS 14053, at *9 (1st Cir. June 10, 2024) ("Today, Federal Rule of Civil Procedure 65(b)(2) limits an initial TRO term to fourteen days and an extension to another fourteen days, for a total of twenty-eight days"). The Court also notes the Federal Defendants join in asking for this extension. *See Joint Mot. to Extend TRO* at 1-2.

Second, the Court determines the parties' three proffered reasons for seeking an extension—namely, to "assist the parties' further discussions, conserve resources, and promote the interests of judicial economy"—establish "good cause" for extending the TRO until May 9, 2025, FED. R. CIV. P. 65(b)(2); *Joint Mot. to Extend TRO* at 1; *accord Min. Entry* (ECF No. 15) (*4/15/2025 Min. Entry*), additionally complying with the Rule's requirement that the Court enter "[t]he reasons for an extension" on the record. FED. R. CIV. P. 65(b)(2). Concluding the parties' joint motion satisfies the

requirements enumerated in Rule 65(b)(2), the Court grants the joint motion to extend the TRO until May 9, 2025.

Having granted the parties' joint motion for extension, the Court amends two parts of its Order on Motion for Temporary Restraining Order, the relevant terms of which are now superseded by this order. First, the Court's order entering TRO mandated "[a] preliminary hearing, at which time the state of Maine will be required to produce specific evidence in support of a preliminary injunction, will be set shortly at a date and time convenient to the parties and the Court." *Order on Mot. for TRO* at 70. As noted, the Court grants the parties' joint motion, including its request to hold in abeyance the scheduling of the hearing on preliminary injunction, and has ordered the parties to submit a joint status report by May 2, 2025 on the anticipated timeline for scheduling the preliminary injunction hearing. *4/15/2025 Min. Entry*.

Second, the Court's original TRO ordered "the state of Maine to provide security in the amount of $1,000 pursuant to Federal Rule of Civil Procedure 65(c)" and to do so "within seven days of the date of this order." *Order on Mot. for TRO* at 70. At the April 15, 2025 conference of counsel, the Plaintiff informed the Court it was facing logistical difficulties securing a bond, and proposed instead it provide a check, in the same amount and in the same time frame, to the Clerk of Court. *4/15/2025 Min. Entry*. The Federal Defendants consented to proceeding in this manner at the telephone conference. *Id.* By agreement of the parties, the Court now orders the Plaintiff to issue a check in the amount of $1,000, payable to the Clerk of Court of the United States District Court for the District of Maine, on the original

schedule set forth in the order on TRO. The check will be deposited by the Clerk in the Court Registry and will be deemed in lieu of a bond pursuant to Federal Rule of Civil Procedure 65(c) payable to the Federal Defendants if they are later found to have been wrongfully enjoined or restrained.

Based on the foregoing, the Court GRANTS the parties' Joint Motion to Extend TRO Pursuant to Fed. R. Civ. P. 65(b)(2) (ECF No. 14) and ORDERS as follows:

1. The Court's April 11, 2025 Order on Motion for Temporary Restraining Order (ECF No. 12) is EXTENDED and shall be in effect until May 9, 2025 or until further order of the Court.

2. Further, the Court ORDERS the parties to submit a joint status update regarding the scheduling of a preliminary injunction hearing by May 2, 2025.

3. Finally, the Court ORDERS the state of Maine, by agreement of the parties and in lieu of the bond requirement, to issue a check in the amount of $1,000, payable to the Clerk of Court of the United States District Court for the District of Maine, on the original schedule set forth in the Order on Motion for Temporary Restraining Order (ECF No. 12). The check will be deposited by the Clerk in the Court Registry.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 16th day of April, 2025